WOODRUFF *et al. v.* THE GEORGIA PACIFIC RAILWAY CO.

Where on the trial of an action against a railroad company for a
    homicide the evidence adduced by the defendant itself showed
    that its servants were negligent, it was error to charge the jury
    that "if the company did what the statute required, and was other-
    wise guilty of no negligence as charged in the declaration, and
    the plaintiffs' father was killed notwithstanding, his children
    could not recover."

December 20, 1890.

Negligence.  Railroads.  Charge of court.  Before Judge Van Epps.  City court of Atlanta.  June term, 1890.

The children of Nash sued the railway company for his homicide. Their evidence tended to show that he was killed by the company's train at a public crossing a short distance beyond the limits of the city of Atlanta; that he was not intoxicated, and did not see the approaching train until after the mule he was driving was on the track, or until it was too late to keep his team off; that the train was running rapidly, one witness "guessed" about twenty-five miles an hour; and that the signal which was given by the engine was the alarm signal. There was also evidence as to the age, health and earnings of the deceased. The evidence for the defendant tended to show that a crossing-signal was blown by the locomotive, the blowing not being continued; that the bell was being rung as it approached, and had been rung for some time before Nash was struck; that the train was running at from twelve to twenty miles per hour, and was stopped when it had run a train-length beyond the crossing, the engineer having seen Nash and the mule when the mule's head was about on the track, a distance of thirty or thirty-five feet before the engine reached the crossing, and being unable to see them sooner on account of a curve in the track and obstructions at the side of it; that the engine was reversed and brakes were applied as soon as Nash was seen; and that he was intoxicated.

Hoke & Burton Smith, for plaintiffs.

Jackson & Jackson, for defendant.

Blandford, Justice.

A verdict was rendered in this case in favor of the defendant in error; the plaintiffs in error moved for a

new trial, which was refused by the court, and they excepted.

Exception is taken to the following charge of the court: "If the company did what the statute required, and was otherwise guilty of no negligence as charged in the declaration, and the plaintiffs' father was killed notwithstanding, his children could not recover." The error assigned is that the evidence adduced by the defendant itself showed that the servants of the company in charge of the train were guilty of negligence, and, therefore, this charge of the court was not warranted by the evidence in the case. We think this charge was plainly error, and the exception to the same was well-taken, there being no evidence in the case to authorize the court to so charge the jury, and for this reason the judgment of the court below in refusing to grant a new trial should be reversed.

It is unnecessary to notice any of the other assignments of error, as upon the next trial of the case the court will doubtless correct any errors he may have committed upon the former trial.      *Judgment reversed.*